No. 28,237.

THE CITIZENS STATE BANK OF LONG BEACH, CALIFORNIA, *Appellee,* v. S. K. WARRENBURG et al., *Appellants.*

(278 Pac. 28.)

Opinion on rehearing filed June 8, 1929. (For original opinion see 127 Kan. 43.)

G. H. Lamb and W. E. Hogueland, both of Yates Center, for the appellants.

J. C. Culver, of Yates Center, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: An opinion in this case was filed December 8, 1928. (Citizens State Bank v. Warrenburg, 127 Kan. 43, 272 Pac. 115.) A rehearing was granted and the cause has been reargued. The opinion is entirely rewritten.

This action is one to recover on a promissory note dated February 28, 1925, payable ninety days after its date. The defendants answered that the note had been deposited by them with the Pacific-Southwest Trust and Savings Bank, of Long Beach, Cal., in escrow, to be delivered to I. S. Freeman on the completion of a real-estate trade between him and the defendant, S. K. Warrenburg. The answer contained the following:

"Defendants admit the execution of the note sued on in this action, but allege and say that the same never was delivered to the said payee named in said note, but on the contrary, was deposited in escrow in the Pacific-Southwest Trust and Savings Bank, at Long Beach, Cal., with the specific and expressed understanding and agreement that certain things should be performed by and on the part of the said I. S. Freeman, payee named in said note, before said note should be delivered, which said things to be performed and conditions to be completed were never performed by the said I. S. Freeman, nor was their performance waived in any manner by these defendants or either of them. . . ."

The answer also alleged that the plaintiff was not the owner of the note. The defendants asked for the recovery of $1,000 paid by them under the real-estate transaction, $117 taxes paid by them, and $430 interest paid on mortgages on the land conveyed to them. A jury was impaneled, evidence was introduced, and each side rested. The cause was then taken from the jury, and judgment was rendered in favor of the plaintiff for $500, the principal named in the note, and $110 interest thereon. The defendants were denied recovery on their claim against the plaintiff. The defendants appeal.

The complaint of the defendants is that the court committed error in taking the cause from the jury, in rendering judgment in favor of the plaintiff on the evidence, and in denying to the defendants any recovery on their cause of action against the plaintiff.

I. S. Freeman was exchanging real property in Woodson county, Kansas, for real property owned by S. K. Warrenburg in Long Beach, Cal. Freeman deposited with the Pacific-Southwest Trust and Savings Bank escrow instructions signed by him on October 4, 1924, containing the following provisions:

"I will hand you a contract for sale executed by I. S. Freeman, a widower, to S. K. Warrenburg, a married man, covering the following-described property: . . . Said contract is to be dated October 4, 1924, for the sum of $3,000, payable on or before December 4, 1924. Subject to: Oil lease on 80 acres of the above-described land, and a mortgage of record for $4,500 and a lease to farming tenant now on the land.

"I also hand you the following documents: . . .

"You are authorized to deliver all of the above to the order of S. K. Warrenburg when you hold for I. S. Freeman (1st) recorded deed of the following-described property, situated in the city of Long Beach, county of Los Angeles, state of California. . . .

"And the sum of $1,000 on or before ten days from date hereof. . . .

"In the event that the conditions of this escrow have not been complied with on or before November 4, 1924, you are instructed to complete the same at the earliest date possible thereafter, unless subsequent to said date I have made written demand upon you for the return of the money and instruments deposited by me. . . .

"As an additional consideration and as an inducement for the escrow holder to so act, it is understood that in the event of any disagreement between the parties to this escrow resulting in adverse claims and demands being made by them or any of them in connection with or for any papers, money or property involved herein or affected thereby, the Pacific-Southwest Trust and Savings Bank, escrow holder hereunder, shall be entitled at its option to refuse to comply with the demands of the parties hereto or any of them so long as such disagreement shall continue, and in so refusing such escrow holder may make no delivery or other disposition of any money, papers or property involved in or affected by this escrow, and in so doing the escrow holder shall not be or become liable to the parties to this escrow or any of them for its failure and/or refusal to comply with the conflicting or adverse demands of the parties or any of them; and further, that the escrow holder shall be entitled to continue to so refrain and refuse to so act until—

"1. The rights of the parties have been duly adjudicated in a court assuming and having jurisdiction of the parties and the moneys, papers and property involved in or affected by this escrow, and/or

"2. Until the parties hereto have reached an agreement in their differences and shall have notified the escrow holder in writing of such agreement. . . .

"It is understood that whenever the phrase, 'close of escrow' appears in these instructions, that the same shall mean the date upon which the papers transferring the property involved are recorded. . . .

"I understood that the Pacific-Southwest Trust and Savings Bank, in the administration of this escrow, is to be bound only and solely by the foregoing written instructions, and such further written and signed instructions as I may, under the conditions herein imposed, from time to time, deliver to said bank; and said bank shall not be responsible or liable for any promise, representation, agreement, condition or stipulation not set forth therein. · . . .

"I have read the foregoing instructions, consisting of four pages, and understand the contents thereof, and should I desire to make any change in said instructions, which will affect any other party hereto, I agree to secure the assent in writing of such other party before requiring the Pacific-Southwest Trust and Savings Bank to proceed with this escrow."

S. K. Warrenburg deposited with the Pacific-Southwest Trust and Savings Bank escrow instructions dated October 4, 1924, which contained the following provisions:

"I will hand you deed executed by S. K. Warrenburg and A. A. Warrenburg, husband and wife, to I. S. Freeman, a widower, covering the following-described property; property situated at 936-942 Elm avenue, in the city of Long Beach. . . .

"I will also hand you the sum of $4,000, . . . as follows: $1,000 cash on October 14, 1924; and $3,000 on or before December 4, 1924, by a contract to S. K. Warrenburg, executed by I. S. Freeman, a widower, covering certain lands located in Woodson county. . . .

"You are authorized to deliver all of the above to the order of I. S. Freeman, a widower, when you hold for S. K. Warrenburg, and A. A. Warrenburg, husband and wife (1st) recorded contract of the following-described property situated in the county of Woodson, Kansas. . . ."

Other than as above stated the escrow instructions deposited by S. K. Warrenburg were substantially the same as the escrow instructions deposited by I. S. Freeman.

The evidence disclosed that a difference arose between I. S. Freeman and S. K. Warrenburg concerning the land trade. Afterward, under date of November 28, 1924, S. K. Warrenburg deposited additional escrow instructions signed by him, as follows:

"The previous instructions in this escrow are hereby added to and/or amended in the following particulars only:

"You are instructed not to proceed further with the within escrow until advised by me, holding all papers deposited by me subject to my order."

On February 19, 1925, additional escrow instructions signed by S. K. Warrenburg and I. S. Freeman were deposited with the Pacific-Southwest Trust and Savings Bank, as follows:

"The previous instructions in this escrow are hereby added to and/or amended in the following particulars only:

"You are instructed to hold for I. S. Freeman the sum of $1,500 instead of the agreement for sale as provided in original instructions, said agreement for sale being hereby canceled. Interest, insurance and rents are to be prorated to close of escrow.

"It is understood and agreed that I. S. Freeman is to pay the first half of taxes for 1924 on land located in Woodson county, Kansas.

"All othei conditions contained in the original instructions to remain the same, and you are instructed to proceed with the closing of the escrow, it being understood that all cancellation notices filed with you are hereby rescinded, and rents deposited in escrow by the tenants to be released to S. K. Warrenburg and Effie Warrenburg, who are the record owners of the property located in Long Beach."

On February 28, 1925, additional escrow instructions signed by I. S. Freeman were deposited with the Pacific-Southwest Trust and Savings Bank, as follows:

"The previous instructions in this escrow are hereby added to and/or amended in the following particulars only:

"You are instructed to hold for me the cash sum of $1,000 and a note for $500 dated February 28, 1925, for a term of ninety days from date, with interest at 8 per cent payable at maturity. Privilege of payment prior to maturity. Note to be executed by S. K. Warrenburg, Effie Warrenburg, and D. W. Warrenburg.

"Instructions dated February 19, 1925, requiring a cash sum of $1,500 are hereby canceled, in so far as pertaining to this payment."

The note sued on was dated February 28, 1925.

On March 23, 1925, additional escrow instructions signed by S. K. Warrenburg were deposited with the Pacific-Southwest Trust and Savings Bank, as follows:

"The previous instructions in this escrow are hereby added to and/or amended in the following particulars only:

"You are instructed to pay immediately to the Citizens State Bank the sum of $400 from the funds in the within escrow, which is to be used for the benefit of I. S. Freeman, for the purpose of completing refinancing of certain encumbrances between I. S. Freeman and J. E. Leonard and wife, in their escrow No. 127."

On April 10, 1925, an additional escrow instruction signed by I. S. Freeman was deposited with the Pacific-Southwest Trust and Savings Bank, as follows:

"This is your authority to deliver to the Citizens State Bank of Long Beach that certain note which you hold in Warrenburg-Freeman escrow, in the amount of $500, as soon as escrow can be closed."

The escrow instructions of each party authorized the savings bank

to deliver the papers described therein when the conditions named in the instructions had been complied with. There was evidence which tended to prove that those instructions had been carried into effect by the bank; that the deeds conveying the properties had been recorded by the bank; that there was ample consideration for the note when it was given; that it was deposited in escrow in the savings bank under the instructions given to the bank; that it was delivered to the plaintiff bank April 14, 1925, before maturity; that there was ample consideration given by the plaintiff for the transfer of the note to it; and that the note when it was delivered to the plaintiff had been indorsed by the payee named in it. The execution of the note was admitted.

The defendant S. K. Warrenburg testified in part as follows:

"From October to February Freeman had allowed interest to accumulate and taxes to accumulate on this apartment property, and he agreed to pay all this interest, expenses and taxes. About February 28, 1925, I put up another $1,000 in money and told him concerning the other $500 that would be due on the deal: 'Now, Freeman, I'll tell you what I'll do. I will put up a note for $500. You have agreed to pay all this interest, expenses and taxes, and I will put up a note for $500, and when those things are paid, you are to have this note, but if I have to pay them, I am to have the note back.'"

There was other evidence by S. K. Warrenburg and B. L. Warrenburg which tended to prove that, when the note was delivered by Warrenburg to the Pacific-Southwest Trust and Savings Bank, he instructed the bank not to deliver the note to I. S. Freeman until Freeman had paid the taxes on the Long Beach property, amounting to $60, had paid paving taxes on that property amounting to $57, and had paid interest on mortgages thereon amounting to $430; that neither the taxes nor the interest was paid by Freeman; that before the note was transferred to the plaintiff bank it was notified of the terms and conditions under which the note had been placed in the hands of the Pacific-Southwest Trust and Savings Bank; that the plaintiff bank acquired the note as collateral security for obligations owing to it by I. S. Freeman; that the note had been placed by I. S. Freeman in the plaintiff bank for collection; that when collected the proceeds of the note were first to be applied on the obligations owing by Freeman to the plaintiff bank and the remainder was to be paid to I. S. Freeman.

There was nothing in the note sued on, nor in any of the escrow instructions, concerning the matters referred to in the testimony of the Warrenburgs.

The judgment recites that—

"The court, after considering all of the pleadings and after hearing all of the evidence, and being fully advised in the premises, finds that the defendants were trying to change the terms of a written contract by parol testimony without alleging or proving any fraud or mistake, and for this reason finds that the cause should not be submitted to the jury, and therefore takes the case from the jury and discharges the jury from any further consideration in the cause, and finds the issues in favor of the plaintiff and against the defendants."

In addition to the instructions to the savings bank to carry the escrow into effect by delivering the deeds that had been signed, the escrow instructions signed on February 19, 1925, by S. K. Warrenburg and I. S. Freeman, again instructed the savings bank to proceed with the closing of the escrow. The escrow instruction signed by I. S. Freeman February 28, 1925, said nothing about the note being delivered to Freeman after the payment of taxes and interest. That instruction and the note were dated the same day. By that instruction the $500 note was accepted in place of that much money. That instruction must have been given after Freeman had agreed to accept the $500 note in place of $500 in cash. The original escrow instructions provided that if any change should be made in them which would affect the other party, the person signing the change should procure the written assent of the other person before requiring the savings bank to proceed with the completion of the escrow. The change in the instructions by which Freeman agreed to accept the $500 note in place of $500 in money was in writing signed by him, but the conditions Warrenburg placed upon the delivery of the $500 note to Freeman were not in writing. When the note was placed in the savings bank to complete the transaction between Freeman and Warrenburg, the note became subject to the conditions and terms of the original escrow instructions as modified by the subsequent amendments thereto. There was nothing in those instructions or amendments which provided that the note should not be delivered to Freeman when the transaction was completed. The giving of the note and the escrow instructions by which Freeman agreed to accept it apparently constituted one transaction. There was nothing said therein about the conditions claimed by Warrenburg. Those conditions did alter, change, vary and contradict the terms of the note and of the escrow instructions that were given by Freeman to the bank when

the note was deposited therein. The plaintiff was entitled to recover on the note. The trial court was justified in taking the case from the jury and in rendering judgment in favor of the plaintiff.

The court was right in denying to the defendants any right of recovery from the plaintiff which was not a party to the transaction between Freeman and Warrenburg.

The judgment is affirmed.

HUTCHISON, J. (dissenting): I have no disagreement with the principles of law announced in the majority opinion, but I do not consider the attempted modification of the escrow agreement as a contract, because the minds of the two parties never met thereon and there was no delivery of the note. The last escrow instructions that were given in writing were signed by one party only. The appellant never agreed in writing to the modification attempted to be made thereby. The fact that the modification was a concession in his favor will not without his consent thereto make it binding on him. One party to a contract cannot change or modify the contract by extending the time of performance or reducing the obligation of the other. (13 C. J. 591.) The appellant could have concurred in or approved the changed or modified escrow instructions given by the appellee by his acts or by compliance if he had so desired, but in this case he definitely and specifically did not comply. A delivery of the note would have constituted such compliance, but he refused to deliver the note in compliance with the *ex parte* written escrow instructions. He physically left the note with the escrow holder with definite oral instructions that it should not be delivered until certain taxes and other expenses were paid. This was not a delivery of the note and could not be such until those items were paid. Such reservation in his conditional compliance did not have to be in writing. He instructed the bank to deliver the note when these items were paid. They not having been paid there has been no delivery. The appellee accepted this note with full knowledge of the string that was tied to it by the maker, which requirement had not been performed. The payee could not have enforced payment thereon without meeting the requirements imposed; neither can the appellee.

JOHNSTON, C. J., and HOPKINS, J., join in this dissent.